UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-07638-DOC                                      Date: March 27, 2013
Bankr. Case No. 12-10986-AA

Title: IN RE ALLANA BARONI

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                    None Present

**PROCEEDINGS: (IN CHAMBERS):  ORDER AFFIRMING THE BANKRUPTCY COURT'S GRANTING OF RECONSIDERATION**

Before the Court is Appellant-Creditor OneWest Bank, FSB's appeal from the United States Bankruptcy Court for the Central District of California's order granting reconsideration of relief from the automatic stay order for the purpose of reinstating the automatic stay. The order was entered on August, 31, 2012, the Honorable Alan M. Ahart presiding. After reviewing the record, the Court AFFIRMS.[1]

**I.    Background**

On February 1, 2012, Appellee-Debtor Allana Baroni ("Debtor") filed a petition for bankruptcy under Chapter 13. Appellant Br. (Dkt. 9) at 2. On February 29, 2012, the bankruptcy case was converted to one under Chapter 11. *Id.* at 3. Appellant-Creditor OneWest Bank, FSB ("Creditor") holds a claim of $1,883,787.78 secured by a first priority mortgage on the property located at 3339 Via Verde Court, Calabasas, CA ("property"). *Id.* Debtor had listed the value of the property as $1,709,973.50 on her bankruptcy petition. *Id.*

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 12-07638-DOC | Date: March 27, 2013 |
| Bankr. Case No. 12-10986-AA | Page 2 |

### a. Motion for Relief from Stay

On July 18, 2012, Creditor filed a Motion for Relief from Stay on the grounds that there was no equity in the property, the property was not necessary for reorganization, and the bankruptcy petition was filed in bad faith. Appellant Br. at 3. The Debtor filed an Opposition to the Motion for Relief from Stay that did not raise the issue of whether there was equity in the home. *Id.* On August 8, 2012, the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") held a hearing on the Motion for Relief from Stay. *Id.* at 4. At the hearing, Debtor tried to present evidence that there was equity in the property. *Id.* The evidence was not admitted, and the Bankruptcy Court granted the Motion for Relief from Stay. *Id.* The Order was entered on August 16, 2012. *Id.*

### b. Motion for Reconsideration

On August 17, 2012, Debtor filed an Emergency Motion for Reconsideration on the basis that her prior counsel erred in not presenting evidence of a 20% equity cushion on the property. Appellant Br. at 5. In her Motion for Reconsideration, Debtor presented the following:

(1) Debtor communicated with prior counsel expressing concern over the Relief from Stay Hearing in light of prior counsel's plan to leave the country and prior counsel reassured her it was a "preliminary hearing" to choose dates for an evidentiary hearing and there would be time later to gather evidence (Debtor's Decl. (App.; Dkt. 10) Ex. 8 at 3);

(2) Debtor's prior counsel sent an email to another attorney on the day she submitted the Opposition to the Motion for Relief from Stay representing that the Motion for Relief from Stay was a "preliminary hearing" (Prior Counsel's Email (App.) Ex. 8);

(3) Prior counsel knew at the time she submitted the Opposition that there was equity in the property (Prior Counsel's Email);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-07638-DOC                                   Date: March 27, 2013
Bankr. Case No. 12-10986-AA                                Page 3

---

(4) Prior counsel filed an Opposition to Creditor's Motion for Relief from Stay responding to all of Creditor's grounds for relief, except the issue of equity in the property (Debtor's Opp. to Mot. (App.) Ex. 4);

(5) Debtor's prior counsel was leaving the country on a prepaid trip from July 23, 2012 to August 9, 2012, which coincided with the dates the Opposition was due and the Hearing on the Motion for Relief from Stay (Prior Counsel's Decl. (App.) Ex. 10);

(6) Debtor's prior counsel asked Creditor's counsel for an extension in light of her prepaid travel plans and Creditor refused (Prior Counsel's Decl.);

(7) Debtor's prior counsel was out of the country with inconsistent internet access and did not see Creditor's Reply to Debtor's Opposition to the Motion for Relief from Stay or the Bankruptcy Court's tentative ruling (Prior Counsel's Decl.).

On August 22, 2012, the Bankruptcy Court held a hearing on the Motion for Reconsideration. *Id.* Creditor argued at the Relief from Stay Hearing that the evidence before the Bankruptcy Court did not support keeping the stay. *Id.* On August 31, 2012, the Bankruptcy Court entered an Order granting Debtor's Motion for Reconsideration and reinstating the stay over Creditor's objection. *Id.* The Bankruptcy Court conditioned the Order on the Debtor paying $52,934.63, the equivalent of all of the monthly post-petition mortgage payments due since Debtor's filing for bankruptcy, by August 28, 2012. Order Granting Reconsideration (App.) Ex. 13 at 2:11-2:13. Creditor filed its Notice of Appeal the same day. *Id.*

## II.     Legal Standard

A district court reviews the bankruptcy court's decisions using the same standard that a court of appeals would use to review an order of a district court in general civil matters. 28 U.S.C. § 158(c)(2). As such, this Court reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard and its conclusions of law *de novo*. *In re Jastrem*, 253 F.3d 438, 440 (9th Cir. 2001). The district court reviews the bankruptcy court's exercise of equitable powers for abuse of discretion, and will not reverse such an

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 12-07638-DOC | Date: March 27, 2013 |
| Bankr. Case No. 12-10986-AA | Page 4 |

exercise of equitable powers unless it is based on an error of law or if the record contains no evidence to rationally support the decision. *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996).

Motions for relief from judgment under Rule 60(b) are reviewed for abuse of discretion. *United States v. Asarco Inc.*, 430 F.3d 972, 978 (9th Cir. 2005) (citations omitted).

## III. Discussion

Creditor raises one issue on appeal: whether the Bankruptcy Court erred in granting Debtor's Motion for Reconsideration and reinstating the automatic stay. Appellant Br. at 2.

A court may set aside a judgment where the moving party establishes a proper ground for relief within the applicable time period. Fed. R. Civ. P. 60. Federal Rule of Civil Procedure 60(b)(1) lists the following as grounds for setting aside a final judgment: mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1); *see also School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Such a motion must be brought within a reasonable time, no later than one year from the entry of final judgment, unless the ground for relief is based on Rule 60(b)(4) or 60(b)(6). "[B]ankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." *In re Cisneros*, 994 F.2d 1462, 1466 (9th Cir. 1993). "This power has been formalized in Bankruptcy Rule 9024, which makes Federal Rule of Civil Procedure 60 applicable to bankruptcy cases." *Id.*; Fed. R. Bankr. P. 9024.

"Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001) *overruled on other grounds, Egelhoff v. Egelhoff ex. rel. Breiner,* 532 U.S. 141 (2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-07638-DOC                                            Date: March 27, 2013
Bankr. Case No. 12-10986-AA                                         Page 5

       Here, the Court affirms the Bankruptcy Court's Order Granting Debtor's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1). At Motion for Reconsideration Hearing, the Bankruptcy Court granted reconsideration and reinstated the automatic stay on the grounds of mistake, a subfactor of Rule 60(b)(1). This Court affirms the Bankruptcy Court's Order Granting Debtor's Motion for Reconsideration pursuant to Rule 60(b)(1) under both the mistake and the excusable neglect portions of the rule.

       The Ninth Circuit has found that an appellate court may affirm a lower court's decision "on any ground supported by the record," even if the lower court does not reach the issue. *See Gemtel Corp. v. Cmty. Redevelopment Agency of City of Los Angeles*, 23 F.3d 1542, 1546 (9th Cir. 1994); *Aronson v. Resolution Trust Corp.*, 38 F.3d 1110, 1114 (9th Cir. 1994); *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir. 2001).

       **a. Mistake**

In *In re Cisneros*, the court stated:

> We acknowledge that the problems that have arisen in this case are ultimately attributable to the failure of the Trustee to learn that the IRS had filed a proof of claim. For present purposes, however, this is immaterial. The order of discharge was entered by the bankruptcy court under a misapprehension as to the facts of the case. Had the court been apprised of the actual facts, it would never have entered the order. In our view, this is precisely the sort of "mistake" or "inadvertence" that Rule 60(b) was intended to reach. Since "no intervening rights have become vested in reliance on the [order]," *Lenox*, 902 F.2d at 740, there is no obstacle to the bankruptcy court's invocation of the rule to correct itself.

*In re Cisneros*, 994 F.2d 1462, 1466-67 (9th Cir. 1993).

       Here, the Bankruptcy Court mistakenly entered the Order granting Creditor's Motion for Relief from Stay on the grounds that there was no evidence of equity in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-07638-DOC                                                      Date: March 27, 2013
Bankr. Case No. 12-10986-AA                                                    Page 6

---

property at the time of the Relief from Stay Hearing. Had their been properly filed evidence of equity in the property, the Bankruptcy Court would not have granted relief from stay as the Bankruptcy Court's concern was ensuring the Creditor's claim was adequately protected.[2] Section 362(d) of the Bankruptcy Code states: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest" or "(2) if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362. Here, there was 20% equity in the property and it was appreciating in value, thus Creditor's interest was adequately protected and the property would be a necessary asset to an effective reorganization. Giordano Decl. (App.) Ex. 9.

However, unlike in *In re Cisneros*, the "problems that have arisen in this case" are not attributable to the trustee, but can be attributed to the Debtor's prior counsel's error, namely, in not timely presenting the Bankruptcy Court with evidence of equity in the property. The Court finds in the following section that this error qualifies as "excusable neglect."

### b. Excusable Neglect

Excusable neglect under Rule 60(b)(1) "'encompass[es] situations in which the failure to comply with a . . . deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant. *Pioneer*, 507 U.S. at 392. "This leaves, of course, the Rule's requirement that the party's [negligence] be 'excusable.'" *Id.* at 395.

---

[2] Tr. of Motion for Reconsideration Hearing (App.) Ex. 2 at 11:22-11:24 (Bankruptcy Court asks Debtor's Counsel if there is any reason why Debtor cannot make payments to the Creditor).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-07638-DOC                                         Date: March 27, 2013
Bankr. Case No. 12-10986-AA                                      Page 7

---

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.* at 395. Although the Court in *Pioneer* was analyzing "excusable neglect" under Rule 9006(b), the Ninth Circuit has held that the equitable test is applicable to Rule 60(b). *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997).

It is typically not a defense that the negligent acts were committed by Debtor's attorney as Debtor "voluntarily chose this attorney as [her] representative in the action, and [she] cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Pioneer*, 507 U.S. at 397. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent[3] . . . ." *Id.* (citation omitted). However, "[w]hile neither ignorance nor carelessness by a party or his attorney is a proper basis for Rule 60(b) relief, courts are reluctant, under certain circumstances, to attribute to a client the mistakes of his attorney." *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (citation omitted). "We must therefore affirm unless we are left with the definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached after weighing the relevant factors." *Id.*

Here, the Court applies the four equitable test factors and finds that granting Debtor's Motion for Reconsideration was proper under Rule 60(b)(1).[4]

---

[3] Despite this strong language, the Supreme Court in *Pioneer* found "[a]lthough the Court of Appeals in this case erred in not attributing to respondents the fault of their counsel, we conclude that [allowing a tardy claim] was correct nonetheless." *Pioneer*, 507 U.S. at 397. "As the Court of Appeals found, the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." *Id.* at 397-98.

[4] *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (stating that when a party does not discuss the *Pioneer* factors in a Rule 60(b)(1) motion the court must still apply the correct legal standard and the lower court would have been within its discretion to spell out and apply the equitable test).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-07638-DOC					Date:  March 27, 2013
Bankr. Case No. 12-10986-AA					Page 8

### 1.  Danger of Prejudice to Opposing Party

The danger of prejudice to the Creditor is minimal due to the Bankruptcy Court's Order providing for adequate protection. While the Bankruptcy Court granted Debtor's Motion for Reconsideration, it did so under the condition that Debtor would pay Creditor $52,934.63 by August 28, 2012. Order Granting Reconsideration (App.) Ex. 13 at 2:11-2:13. The amount due represented all of the monthly post-petition mortgage payments that were due since Debtor's filing for bankruptcy. *Id.* A court will grant relief from the automatic stay when there is inadequate protection of the creditor's interest in the property or if there is no equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362. Here, the Creditor's interest is protected both by the 20% equity cushion and the Debtor's adequate protection payments that were retroactively due from the time of the bankruptcy petition. *See* Decl. of Real Estate Appraiser (App.) Ex. 9. Thus, the danger of prejudice to the creditor is minimal and this factor weighs in favor of granting reconsideration. *See Uche-Uwakwe v. Shinseki*, 349 F. App'x 136, 138 (9th Cir. 2009) (finding that there is no prejudice to the opposing party when the only consequence is a "loss of a quick victory").

### 2.  Length of the delay and its potential impact on the proceedings

The time between entering the Order granting Relief from Stay in favor of the Creditor and the filing of the Motion for Reconsideration was nine days. Debtor's Mot. for Reconsideration, (App.) Ex. 7. In the span of nine days, the Debtor released prior counsel, secured new counsel, and filed the motion for reconsideration. *Cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000), (finding no excessive length of delay when the party seeking relief "wrote to the court twelve days after it granted summary judgment and filed his Rule 60(b)(1) motion a little more than one month after the court denied his request to rescind the judgment").

Here, the Court finds the Motion for Reconsideration was timely filed. **"**As courts of equity, [bankruptcy courts] have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-07638-DOC                                                      Date: March 27, 2013
Bankr. Case No. 12-10986-AA                                                   Page 9

---

orders." *In re Cisneros*, 994 F.2d at 1466. The rights of the Creditor would have vested on August 30, 2012 when the Trustee's Sale would have taken place and first counsel's errors would have been more difficult to correct. Mot. for Reconsideration Hearing, Ex. 2. Because the Court finds the length of the delay was not excessive and no intervening rights became irrevocably vested, this factor also weighs in favor of granting reconsideration.

### 3. Reason for delay

There are several reasons for the delay in presenting the Bankruptcy Court with evidence of equity in the property. Debtor's prior counsel alleges she was under the mistaken belief that the hearing set to take place on August 8, 2012 was a preliminary hearing and therefore there would be a later opportunity to present the court with evidence of equity. Prior Counsel's Decl. (App.) Ex. 10. While it is unclear whether prior counsel's belief that the Motion for Relief from Stay Hearing was a "preliminary hearing" was based on a misinterpretation of the rules or carelessness on the part of Debtor's prior counsel, rigidly deciding that attorney carelessness is per se inexcusable is no longer appropriate in light of the standards set forth by the Ninth Circuit's interpretation of *Pioneer*.

> We are persuaded that, under *Pioneer,* the correct approach is to avoid any per se rule. *Pioneer* cautioned against "erecting a rigid barrier against late filings attributable in any degree to the movant's negligence." 507 U.S. at 395 n. 14, 113 S.Ct. 1489. There should similarly be no rigid legal rule against late filings attributable to any particular type of negligence. Instead, we leave the weighing of *Pioneer's* equitable factors to the discretion of the district court in every case.

*Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

It is questionable that an attorney hired for her alleged expertise in the field of bankruptcy would be confused about a routine relief from stay hearing. Furthermore, there is evidence that at the time Debtor's prior counsel filed the Opposition she knew about the equity cushion, yet failed to mention it in the Opposition. Prior Counsel's Email (App.) Ex. 8. While these errors appear to be attorney carelessness, the Court cannot end

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-07638-DOC								Date: March 27, 2013
Bankr. Case No. 12-10986-AA								Page 10

---

the analysis here. *See Pincay*, 389 F.3d at 856 (upholding district court's decision when the lower court "concluded that even though the reason for the delay was the carelessness of [plaintiff's] counsel, that fact did not render the neglect inexcusable").

Although typically a debtor is bound by the actions of her attorney, there must be a limit as to how much knowledge can be imputed to the debtor. See *Pincay*, 389 F.3d at 858 ("While neither ignorance nor carelessness by a party or his attorney is a proper basis for Rule 60(b) relief, courts are reluctant, under certain circumstances, to attribute to a client the mistakes of his attorney."). The Debtor in this case voiced concern over her prior counsel's out-of-country plans, and followed up with her prior counsel to ensure that the Relief from Stay Hearing, scheduled during the time Debtor's prior counsel would be out of the country, would be fine. Debtor's Decl. (App.; Dkt. 10) Ex. 8 at 3. The Debtor was reassured that the hearing was a "preliminary hearing" and an appearance attorney was scheduled to appear. *Id.* The Debtor would not have reason or sufficient knowledge of bankruptcy law to question her attorney's reassurances or know to take independent action.

The other factor weighing in favor of excusing the delay is Debtor's prior counsel's statement that she attempted to stipulate to an extension with Creditor's Counsel because she would be out of the country during the time of the Motion for Relief from Stay Hearing. Prior Counsel's Decl. (App.) Ex. 10. Debtor's prior counsel communicated to Creditor's counsel that she would be out of town from July 23, 2012 to August 9, 2012. *Id.* Due to her prepaid travel plans, she would not be able to adequately prepare an Opposition to the Motion for Relief from Stay (due July 23, 2012), she would not be able to attend the hearing on the Motion for Relief from Stay (scheduled for August 8, 2012), and she saw neither Creditor's Reply to the Opposition nor the Bankruptcy Court's tentative ruling on the matter due to an unreliable internet connection while away. *Id.* Debtor's prior counsel states that had she seen the Reply and the tentative ruling, she would have filed for leave to supplement the Opposition with evidence of equity in the property and a statement that the property in question is the Debtor's primary residence. *Id.*

In *Bateman*, the court found that when the attorney's reason for delay is an emergency out-of-country trip and jetlag recovery time reconsideration is proper even

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-07638-DOC                                         Date: March 27, 2013
Bankr. Case No. 12-10986-AA                                      Page 11

---

when the reason for delay is "admittedly, weak" and the attorney "should have arranged for someone to handle his cases while he was away." *Bateman*, 231 F.3d at 1225. The attorney in *Bateman* "showed a lack of regard for his client's interests and the court's docket." *Id*. As the court upheld the decision on "admittedly weak" grounds, it is difficult to find that the Bankruptcy Court abused its discretion in the present case.

Additionally, the Ninth Circuit has expressed an interest in promoting cooperation among members of the bar. *See Bateman*, 231 F.3d at 1223 ("Our comments on these actions [requesting an unopposed summary judgment order when the attorney knew opposing counsel was out of town], of course, have no bearing on the decision we reach today; we note them only because, at the risk of sounding naive or nostalgic, we lament the decline of collegiality and fair-dealing in the legal profession today, and believe courts should do what they can to emphasize these values."); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010) ("Where, as here, there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries."). Debtor's prior counsel states that Creditor's counsel refused to reschedule or extend the dates even when informed of Debtor's prior counsel's travel plans. Prior Counsel's Decl. (App.) Ex. 10. Although the Court, like the Ninth Circuit, does not base its decision on prior counsel's statement, it does find this allegation noteworthy.

Thus, for the foregoing reasons, the Court finds the reasons for delay factor does not make the Bankruptcy Court's granting Debtor's Motion for Reconsideration an abuse of discretion.

### 4. Whether movant acted in good faith

When "there is no evidence that [counsel] acted with anything less than good faith" and counsel's errors "resulted from negligence and carelessness, not from deviousness or willfulness," the movant acts in good faith. Bateman, 231 F.3d at 1225.

Here, the record does not show that failing to present evidence of equity in the property was part of a devious scheme. Furthermore, in the original Motion for Relief from Stay Hearing the Court granted relief from stay due to lack of equity in the property,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 12-07638-DOC　　　　　　　　　　　　　　Date: March 27, 2013
Bankr. Case No. 12-10986-AA　　　　　　　　　　　　　　Page 12

and not on Creditor's bad faith assertions. Tr. Relief from Stay Hearing (App.) Ex. 1 at 2:12-2:17. Thus, the fourth factor favors granting reconsideration.

### 5. Conclusion

> *Pioneer* sets forth an equitable "framework" for determining the question of excusable neglect in particular cases, and we will ordinarily examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors.

*Briones*, 116 F.3d at 382 n 2.

The Bankruptcy Court did not abuse its discretion in granting Debtor's Motion for Reconsideration when it appears that on the merits and with all evidence on the record, the Motion for Relief from Stay should not have been granted. Debtor losing her primary residence due to prior counsel's errors would be a harsh result in light of the fact there was equity in the property and the Trustee's Sale had not yet taken place.

## IV. Disposition

For the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's order granting Debtor's Motion for Reconsideration.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: jcb